A. R. Justice, F. Millwood Justice, Herbert M. Justice and C. Arthur Roberts, trading as A. R. Justice & Co., *v.* The City of Philadelphia, Appellant.

[Marked to be reported.]

*Road law—Widening street—Damages—Leasehold interest.*

A tenant who has leased a building after the passage of an ordinance providing for the widening of the street upon which the building is situated, is entitled to recover damages for the injury caused by the demolition and re-erection of the front of a building which had been erected before the enactment of the ordinance.

Argued April 10, 1895. Appeal No. 315, Jan. T., 1895, by City of Philadelphia, from judgment of C. P. No. 4, Phila. Co., June T., 1893, No. 438, on verdict for plaintiffs. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Appeal from report of road viewers appointed to assess damages for the widening of Chestnut street.

At the trial before WILLSON, J., it appeared that plaintiffs leased the premises No. 718 Chestnut street on October 7, 1891, for a term of five years from December 1, 1891, at an annual rental of $5,000. On March 31, 1891, an ordinance had been passed directing the widening of Chestnut street between Seventh and Eighth streets. The work of widening the street was done by the owners, and five feet was taken from the property occupied by plaintiffs. The road jury refused to award the claimants any damages. Claimants then appealed, and at the trial claimed damages as follows:

For watchman, $128; Sharpless Brothers, draping show windows, $3.50; George W. Shaw & Company, electric light wires, $29.69; Mr. Russell, for taking down, removing and resetting cases, $100; plate glass broken in removal, $17.50; lamp stand, $45.00; moving stock, $25.00; damage to stock from dust, $253.75; injury to the goods, $100; nine weeks rent, $950, and for loss of five feet until end of term, $850; making a total of $2,502.44.

Defendant's point was as follows:

"Under all the evidence the verdict should be for the defendant. *Answer:* Refused."

Verdict and judgment for plaintiffs for $1,250. Defendant appealed.

*Error assigned* was the refusal of defendant's point, quoting it.

*James Alcorn, George E. Fili* and *Charles F. Warwick*, with him, for appellant.—It was not necessary upon the part of the defendant to prove actual notice of the passage of the ordinances to the plaintiffs. All the citizens and inhabitants of a municipality are bound to take notice of the ordinances thereof: Heland v. Lowell, 3 Allen, 407 ; Village of Buffalo v. Webster, 10 Wend. 99 ; Georgetown v. Smith, 4 Cranch, 91.

The plaintiffs as tenants cannot be in any better position than the owner of the property. The owner himself after the plotting of the street, and particularly after the passage of the ordinances to widen the street, could not do anything that would add to the expense of the widening: Forbes Street, 70 Pa. 125 ; Grugan v. Philadelphia, 158 Pa. 346 ; Pleasant Street, 5 Luzerne Leg. Reg. 221 ; Furman St., 17 Wend. 642 ; Bush v. McKeesport, 166 Pa. 57 ; act of May 16, 1891, P. L. 80.

*Samuel H. Kirkpatrick*, for appellees.—The right to damage for injury done by widening a street accrues when the property is taken : Plan 166, 143 Pa. 415 ; Brower v. Philadelphia, 142 Pa. 350 ; Whitaker v. Phoenixville Bor. 333 ; Volkmar Street, 124 Pa. 320 ; Losch's App., 109 Pa. 72.

A tenant for years is an owner entitled to damages for injury done to his estate: R. R. v. Eby, 107 Pa. 166 ; N. P. R. R. v. Davis, 26 Pa. 238 ; Brown v. Powell, 25 Pa. 229 ; Turnpike Road v. Brosi, 22 Pa. 29 ; Bethlehem South Gas and Water Co. v. Yoder, 112 Pa. 136.

OPINION BY MR. JUSTICE GREEN, July 18, 1895:

The only assignment of error in this case is that the learned court below refused to give a binding instruction to the jury to find for the defendant. The proposition upon which the defendant's point was based, was, that as the plaintiffs leased the premises in question after the city ordinance of March 31, 1891, directing the widening of Chestnut street between Seventh and Eighth streets was passed, they could not recover

any damages occasioned by the widening of the street thereafter.

The authorities relied upon by the appellant are those which decide that there can be no recovery of damages for buildings which are erected upon ground, over which public streets are laid out but not yet opened.   We do not think that doctrine is applicable to this class of cases, because this is not a claim to recover damages for an erection, but for taking down a part of a building which had been erected long before the ordinance was passed.   The owner of the building certainly could recover damages for such an injury, and we can see no good reason why his tenant, who was in the ordinary and lawful possession of the premises under a lease, should not be entitled to the same redress.   The principle of the cases which exclude a recovery where a new erection is made after the street is laid out, is, that the owner may not thereafter do any act which will increase the cost of opening, but that principle is not applicable where there is nothing but a continued occupancy of a pre-existing erection.   Surely the owner is not obliged to abstain from using by himself or by his tenant, such premises during the uncertain period which elapses, and which may long continue to elapse after the passage of the ordinance to widen and before the work of widening is commenced.   It would work a great hardship to owners if they were prohibited from leasing such premises during such a period.   In this case the rental was $5,000 per year and it was fifteen months after the passage of the ordinance before the work was commenced.

There can be no doubt that the plaintiff was actually damaged by the taking down of the front of the building, the charge of the learned court below was eminently fair and impartial, and the verdict which was for about half the plaintiffs' claim seems to be reasonable.   We think it was the duty of the court to submit the case to the jury and therefore no error was committed in refusing the defendant's point.

Judgment affirmed.