# Herron *v.* Pittsburgh, Appellant.

*Eminent domain—Widening street—Taking of leasehold premises—Damages.*

Where a person leases a building after the passage of a city ordinance providing for the widening of the street on which the structure is located, and thereafter the building is taken and destroyed by the city, the lessee is entitled to recover damages from the city for the extinguishment of the balance of his term.

Argued October 13, 1924. Appeal, No. 42, Oct. T., 1924, by defendant, from judgment of C. P. Allegheny Co., July T., 1922, No. 2613, on verdict for plaintiff, on feigned issue in case of Mary Herron v. City of Pittsburgh. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal by plaintiff from award of jury of view refusing damages. Before EVANS, J.

From the record it appeared that an issue was framed in regular course between the petitioner as plaintiff, and the City of Pittsburgh as defendant.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Harry M. Irons,* Assistant City Solicitor, with him *Richard W. Martin,* City Solicitor, for appellant.

*A. M. Imbrie* and *Leander Trautman,* for appellee, were not heard.

PER CURIAM, November 24, 1924:

In this case, Mary Herron, a tenant, who had leased parts of a building after the passage of an ordinance providing for the widening of the street on which the structure was located, claimed against defendant city damages suffered by reason of the subsequent destruction of the demised premises in course of the municipal improvement, and the consequent extinguishment of the balance of her term. The trial court entered judgment on a verdict in her favor, and the city has appealed, asking that the judgment be reversed and entered for it.

The court below properly decided that Justice & Co. v. Phila., 169 Pa. 503, ruled the present case. See also Iron City Auto Co. v. Pittsburgh, 253 Pa. 478, 488.

The judgment is affirmed.